IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:16-cv-03611-DCN |
| vs. | ) ) | **ORDER** |
| JIMMY CADE and JAMES E. SIMS, personally and as personal representative for the decedent, NANCY C. SIMS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff Nationwide Mutual Fire Insurance Company's ("Nationwide") motion for summary judgment. ECF No. 14. For the reasons set forth below, the court grants Nationwide's motion for summary judgment.

## I. BACKGROUND

This is a declaratory judgment action. Nationwide issued a policy of liability insurance, Policy No. 6139K 682210 ("the Policy") to Jimmy Cade ("Cade") for the following vehicles: a 1999 Lincoln Town Car, a 2004 Chevrolet Tahoe, and a 2015 Chevrolet Silverado. The Policy was in effect from April 15, 2016 through October 15, 2016 and provided liability coverage of up to $100,000 per person and $300,000 per accident for bodily injury. The Policy also contained a coverage extensions clause, which extended liability coverage to:

> 1. A motor vehicle you do not own, while it is used as a temporary substitute for your auto. Your auto must be out of use because of:
>     a. breakdown;
>     b. servicing; or
>     c. loss.

1

> 3. A motor vehicle owned by a non-member of your household and not covered in item 1 of this section
>> a. This applies while the vehicle is being used by you or a relative. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.
>> b. This does not apply to losses involving a motor vehicle:
>>> (1) used in any business or any occupation of you or a relative except a private passenger auto (this does not include a motorcycle) used by you, your chauffeur, or your household employee;
>>> (2) owned, rented, or leased by an employer of an insured;
>>> (3) rented or leased by anyone for or on behalf of an employer of an insured; or
>>> (4) furnished or available to you or a relative for regular use. Furnished for regular use does not include a motor vehicle rented from a rental company for less than 28 days.

Pl.'s Mot. Ex. 2, Nationwide Policy.

On June 10, 2016, Cade was driving a 2011 Chevrolet Impala ("the Impala") when he was involved in a car accident in Dorcester County, South Carolina that resulted in the death of Nancy C. Sims. Nationwide asks the court to rule that Nationwide does not have a duty to indemnify Cade in the underlying action in the Court of Common Pleas for Dorcester County, <u>James E. Sims, personally and James E. Sims as Personal Representative for the decedent, Nancy C. Sims v. Jimmy C. Cade and Advanced Auto Rental and Sales Inc.</u> ("the underlying action"). Pl.'s Mot. 1. The underlying action is for damages suffered by James E. Sims and the Estate of Nancy C. Sims ("the Simses") stemming from the June 10, 2016 accident.

Nationwide filed this declaratory judgment action on November 11, 2016. Nationwide filed a motion for summary judgment on June 20, 2017, ECF No. 14, to which Cade responded on July 5, 2017, ECF No. 15. Nationwide replied on July 10,

2017, ECF No. 16. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Rule 56(c) of the Federal Rules of Civil Procedure requires that the district court enter judgment against a party who, 'after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (4th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Any reasonable inferences are to be drawn in favor of the nonmoving party. See Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012). However, to defeat summary judgment, the nonmoving party must identify an error of law or a genuine issue of disputed material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see also Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. See Anderson, 477 U.S. at 252; Stone, 105 F.3d at 191. Rather, "a party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat, 346 F.3d at 522

(quoting Fed. R. Civ. P. 56(e) (2002) (amended 2010)). If the adverse party fails to provide evidence establishing that the factfinder could reasonably decide in his favor, then summary judgment shall be entered "regardless of '[a]ny proof or evidentiary requirements imposed by the substantive law.'" Id. (quoting Anderson, 477 U.S. at 248).

### III. DISCUSSION

In this declaratory judgment action, Nationwide asks the court to rule that the Policy excludes coverage for Cade's use of the Impala because it was a non-owned vehicle that did not fall under the "temporary substitute" clause of the Policy, and is negated by two different exclusion clauses: (1) the Impala was owned by his employer at the time of the use, and (2) the Policy explicitly excludes coverage for non-owned vehicles furnished for regular use. Pl.'s Mot. 2. Cade counters that there are issues of material fact as to the "ownership" of the Impala, and that the "furnished for regular-use" exclusion in the Policy is inapplicable because the Policy does not define the term "regular use."[1] Def.'s Resp. 3–4. The court explains below that coverage is precluded under the employer-owned vehicle argument, and therefore, does not proceed to the furnished-for-regular-use argument.

#### A. Non-Owned Vehicle

Nationwide's argues that coverage is precluded because at the time of the accident, Cade was driving an Impala that was owned by his employer Advanced Auto Rental and Sales ("Advanced Auto"). Pl.'s Mot. 2. Not only was the Impala not covered by the Policy, Nationwide argues, the Policy specifically excludes coverage for use of an

---

[1] In the reply, Nationwide references Rule 56(e) of the South Carolina Rules of Civil Procedure ("SCRP") as the standard for summary judgment. Def.'s Reply 2. Of course, since this case is in federal court, SRCP 56(e) is inapplicable.

4

employer-owned vehicle. Pl.'s Mot. 4. Finally, Nationwide contends, non-owned car coverage is not a statutory mandate. Id. The court agrees. As explained below, the "temporary substitute" provision does not apply to the Impala and the employer-owned exclusion applies. Therefore, coverage is precluded.

### 1. Statutory Requirement of Coverage

There is no statutory requirement in South Carolina for liability coverage of an insured's use of a non-owned vehicle. Lawrimore v. Old Republic Ins. Co., 2015 WL 12807712, at *5 (D.S.C. Feb. 19, 2015), aff'd sub nom. Lawrimore v. Progressive Direct Ins. Co., 627 F. App'x 253 (4th Cir. 2016); Garrison Prop. & Cas. Ins. Co. v. Rickborn, 226 F. Supp. 3d 551, 556 (D.S.C. 2016); see also Howell v. U.S. Fid and Guar. Ins. Co., 636 S.E.2d 626, 628 (S.C. 2006) ("[L]iability Coverage for hired and non-owned vehicles is not statutorily required in this state and is provided by a voluntary contract between the insurer and the insured. Therefore, the parties may choose their own terms regarding coverage for hired and non-owned vehicles."). Since there is no statutory requirement for coverage, the only way for Cade to have liability coverage is if the Policy dictates it. As explained below, that is not the case.

### 2. Coverage under the Policy

#### a. Temporary Substitute Clause

The parties agree that at the time of the accident, Cade was driving an Impala that he did not own. The plain language of the Policy specifically excludes non-owned vehicles from coverage. There is a carve-out in the Policy for a non-owned car that is a temporary substitute for an owned car that is undergoing maintenance, but this temporary substitute provision is inapplicable here.

The Policy states that the "temporary substitute auto" must have been used as a "temporary replacement" for the insured's own vehicle, and that the insured's own vehicle is out of service due to a breakdown, repair, or servicing. Cade makes clear that he was not driving the Impala because he wanted to replace it for one of the vehicles in his house, but because it was "just the car [he] chose to drive that day." Pl.'s Mot. Ex. V, Deposition of James Cade 33:2–7. Because Cade's own testimony reveals that none of his own vehicles were out of service because of breakdown or servicing, and that his use of the 2011 Chevrolet Impala was a matter of preference, it is clear that the 2011 Chevrolet Impala was not being used as a replacement for any of the cars that were covered under the Policy. Thus, the Impala was not a "temporary substitute" within the meaning of the Policy.

### b. Employer-owned Exclusion Clause

Next, the court turns to the employer-owned exclusion clause of the Policy. Cade argues that at the time of the accident, the title holder of the 2011 Chevrolet Impala was "either [Hoover Automotive LLC] or [the seller, Brenda Hilliard]" and not Advanced Auto Sales, Cade's employer. Def.'s Resp. 4. However, the fact that Advanced Auto Sales was not the title holder of the Impala does not preclude it from being the owner.

In Pennell v. Foster, 524 S.E.2d 630 (S.C. Ct. App. 1999), the court held that even where the seller was the titleholder, it was the buyer that was the owner—the Pennell court noted that the subsidiary had possession of the car and that the seller had agreed to execute the paperwork for transfer of title. Here, Cade testified that the 2011 Chevrolet Impala was purchased and owned by Advanced Auto. Pl.'s Mot., Ex. V, Deposition of James Cade, 13:17–22 (Acknowledging that the 2011 Chevrolet Impala was purchased

by Advanced Auto); 16:22–25 (Stating that the 2011 Chevrolet Impala was a "dealership car"); 18:17–25 (explaining that the car was owned by Advanced Auto, and that the purchase took place before the accident). Cade concedes that the Impala was acquired by Advanced Auto as of the date of the accident. Def.'s Resp. 2 n.1.

The Policy makes clear that it does not apply to losses involving a motor vehicle "owned, rented, or leased by an employer of an insured." Pl.'s Mot. Ex. 2, Nationwide Policy. Because the Policy does not cover a non-owned vehicles such as the Impala, and as discussed above, there is also no statutory requirement for coverage, Nationwide is permitted to limit the circumstances in which it provides liability coverage. As discussed above, the Impala was not a "temporary substitute" under the Policy. Since it falls under the employer-owned exclusion of the Policy, there is no liability coverage available under the Policy. Therefore, the court grants Nationwide's motion for summary judgment in this declaratory judgment action.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** Nationwide's motion for summary judgment.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 15, 2017**
**Charleston, South Carolina**